*NOT FOR PUBLICATION*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
THE UNITED STATES LIFE              :   Civ. Action No.: 14-113(FLW)
INSURANCE COMPANY IN THE            :
CITY OF NEW YORK,                   :
                                    :              OPINION
            Plaintiff,              :
                                    :
    v.                              :
                                    :
ABRAHAM HOLTZMAN, and               :
THE STATE OF NEW JERSEY,            :
DEPARTMENT OF HUMAN SERVICES,       :
DIVISION OF MEDICAL ASSISTANCE      :
AND HEALTH SERVICES,                :
                                    :
            Defendants.             :
_____:

**WOLFSON, District Judge**:

This Court, in its previous Opinion, granted Plaintiff United States Life Insurance Company ("U.S. Life" or "Plaintiff") interpleader relief and ordered Plaintiff to deposit $109,430.76 in the Court's registry for the benefit of *pro se* Defendant, Abraham Holtzman ("Holtzman" or "Defendant"), and the State of New Jersey Department of Human Services Division of Medical Assistance and Health Services ("Medicaid").  The Court also exercised its discretion in awarding U.S. Life reasonable attorneys' fees and costs, and in that regard, directed Plaintiff to submit a certification setting forth the number of billable hours and compensable costs. In the instant application, U.S. Life seeks $19,057.68 as reimbursement for its attorneys' fees and costs.  Holtzman objects to that request on the grounds that the fees are unreasonable, and Holtzman reargues his rejected position that U.S Life lacks capacity to sue or be sued. For the reasons expressed herein, the Court **AWARDS** Plaintiff, from the Court's registry, a total amount of $10,532.38 in attorneys' fees and costs.

## BACKGROUND AND PROCEDURAL HISTORY

I will incorporate the facts delineated in my previous Opinion here. As a brief background, Holtzman and his two dependent children, Jacob and Zipora, were insured under the New York State United Teachers Catastrophe Major Medical Insurance Plan. U.S. Life Ins. Co. in the City of New York v. Holtzman, No. 14-00113, 2014 WL 5149707, at *1 (D.N.J. Oct. 14, 2014). In 2002, Holtzman's two young children required medical care at a custodial care facility. Medicaid made payments for both children while in the care facility, despite the fact that it was the payor of last resort. Medicaid requested reimbursement from U.S. Life for Jacob and Zipora's expenses, totaling $180,507.46. A month later, in July 2008, U.S. Life informed Holtzman that it determined that U.S. Life was obligated to reimburse Medicaid. Holtzman objected.

On January 14, 2014, U.S. Life filed the instant Complaint for interpleader relief, which Holtzman moved to dismiss on several grounds, including that U.S. Life lacks the capacity to sue or be sued. On that motion, the Court ruled as follows: (1) U.S. Life is an incorporated company with the capacity to sue or be sued; (2) U.S. Life met the requirements of the interpleader statute and may be relieved from liability; (3) U.S. Life was directed to deposit $109,430.76 into the registry of the Court. U.S. Life was also awarded reasonable attorneys' fees and costs, and in that regard, it was directed to submit a separate application for the amount of fees. Id. at *7.

Presently, U.S Life seeks attorneys' fees and costs in the amount of $19,057.68. In response, Holtzman argues that U.S. Life's request should be denied because U.S. Life has demonstrated "no basis for a grant of fees or costs."[1] Furthermore, Holtzman argues that this Court

---

[1] Holtzman also argues that the Court lacks jurisdiction because U.S. Life is a "defunct" corporation that lacks the capacity to sue or be sued. The Court need not address this argument since this issue was previously disposed of. See U.S. Life Ins. Co in the City of New York, 2014 WL 514707 at *2-3. Indeed, the Court held that U.S. Life "is organized under the laws of New York, and it is [further] licensed to engage in life insurance, annuities, and accident and health

2

and counsel for U.S. Life engaged in *ex-parte* communications which provided an unfair advantage to U.S. Life. Holtzman asserts that in light of the alleged "unethical ex parte conduct," I should recuse myself from this case.[2] I will address each of these arguments, in turn.

## DISCUSSION

**I.** *Ex-parte* **Communication**

Holtzman argues that U.S. Life and this Court engaged in "unethical" behavior by engaging in *ex parte* communications where the "court . . . requested that a supplemental brief be filed by opposing counsel in an attempt to cure fatal strict jurisdictional defect." In that regard, Holtzman maintains that this Court should recuse itself from the instant matter.

Holtzman, however, mischaracterizes the nature of the communication between Plaintiff and this Court. Specifically, at issue, is a communication from Chambers staff to U.S. Life concerning subject matter jurisdiction; the Court, exercising its authority, directed Plaintiff to file supplemental briefing on the issue whether Plaintiff deposited the interpleader funds with the Clerk's office when the Complaint was filed. See 28 U.S.C. § 1335(a)(2). Indeed, the Court is permitted to sua sponte raise subject matter jurisdiction concerns. See Nesbit v. Gears Unlimited,

---

insurance within the State of New York." Id. Therefore, contrary to Defendant's insistence, U.S. Life is a valid corporation that has the capacity to sue and be sued.

[2]   Inexplicably, Holtzman applies collateral estoppel to the alleged "unethical conduct." The doctrine of collateral estoppel prohibits a party from bringing forth an issue that was previously litigated by the same parties and directly ruled on by a court. Montana v. U.S., 440 U.S. 147, 147-148 (1979); Glictronix Corp v. American Tel. and Co., 603 F. Supp. 552, 564 (D.N.J. 1984); Witikowski v. Welch, 173 F.3d 192, 199 (3d Cir. 1999). Collateral estoppel is used for the purposes of protecting parties from the "burden of relitigating an identical issue with the same party" and ensuring judicial economy by eliminating unnecessary litigation. Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322, 326 (1979); see also Blonder-Tounge Laboratories, Inc. v. University of Illinois Foundation, 402 U.S. 313, 329 (1971); Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc., 458 F.3d 244, 253 (3d Cir. 2006). Here, there are no factual circumstances to which collateral estoppel could apply.

Inc., 347 F.3d 72, 77 (3d Cir. 2003). To be sure, the communication from Chambers was necessary to relay to Plaintiff this Court's concerns regarding subject matter jurisdiction. In fact, such a request from Chambers was made to benefit Holtzman, a *pro se* defendant.

In response to Chambers' inquiry, U.S. Life stated in its supplemental briefing that it did not deposit the funds into the registry, but maintained that its failure to deposit the funds was not a sufficient basis for the Court to dismiss the Complaint for lack of jurisdiction. See CNA Ins. Companies v. Waters, 926 F.2d 247, 249 n.6 (3d Cir.1991); U.S. Fire Ins. Co. v. Asbestospray, Inc., 182 F.3d 201, 210 (3d Cir. 1999); Lincoln Gen. Ins. Co. v. State Farm Mut. Auto. Ins. Co., 425 F.Supp.2d 738,742 (E.D. Va. 2006) (citing CNA Ins. Companies, 926 F.2d at 249 n.6); see also Legacy Inv. & Mgmt., LLC v. Susquehanna Bank, No. 12-2877, 2013 WL 5423919, at *5 (D. Md. Sept. 26, 2013) ("However, an interpleader stakeholder that does not immediately deposit the disputed funds with the Court is entitled to perfect jurisdiction by moving to deposit the funds at a later time, as long as there is no 'persistent failure' to perfect subject matter jurisdiction"). Based on Plaintiff's representations, the Court made certain determinations in its previous Opinion. Accordingly, I reject Holtzman's argument that Chambers' communication with counsel was somehow untoward.

## II.     Attorneys' Fees and Costs

U.S. Life submits that it has incurred $18,221.00 in attorneys' fees for services rendered by Wilson, Elser, Moskowitz, Edelman & Dicker ("Wilson Esler"). Certification in Supp. of Req. for Reimbursement of Att'ys Fees ¶ 2. Additionally, U.S. Life seeks $836.38 in costs, which

include the filing fee for the Complaint, serving the Complaint and legal research. Id.  In response, Holtzman argues that the requested fees are unreasonable.[3]

In interpleader actions brought in federal court, "the prevailing principle . . . , whether under the interpleader statute or under [Federal Rule of Civil Procedure 22], is that it is within the discretion of the court to award the stakeholder costs, including reasonable attorneys' fees, out of the deposited fund." Prudential Ins. Co. of Am. v. Richmond, No. 06-525, 2007 WL 1959252, at * 4 (D.N.J. July 2, 2007) (citing 3a JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE ¶ 22.16(2)). Furthermore, "authority to award a stakeholder costs and fees does not derive from the interpleader statute or the rule, but is an equitable doctrine." Frontier Ins. Co. v. Missions Carrier, Inc., No. 91-5151, 1992 WL 209299, at *2 (D.N.J. Aug. 24, 1992) (citing Murphy v. Travelers Ins. Co., 534 F.2d 1155 1164 (5th Cir. 1976)).

A court may award attorneys' fees to an interpleader plaintiff from the deposited funds if the plaintiff is "(1) a disinterested stakeholder, (2) who had conceded liability, (3) has deposited the disputed funds with the court, and (4) has sought a discharge from liability." Metro. Life Ins, Co. v. Kubichek, 83 Fed. Appx. 425, 431 (3d Cir. 2003); see also Stonebridge Life Ins. Co. v. Kissinger, No. 14-2489, 2015 WL 715329, at *5 (D.N.J. Feb. 19, 2015); Banner Life Ins. Co v. Lukacin, No. 13-6589, 2014 WL 4724902, at *3 (D.N.J. Sept. 22, 2014); Frontier Ins. Co., 1992 WL 209299, at *2.  Here, the Court has already determined that U.S. Life is a disinterested stakeholder that is entitled to reasonable attorneys' fees and costs. See U.S. Life v. Holtzman, 2014

---

[3]   Holtzman additionally contends the Court should apply state law in considering Plaintiff's request for attorneys' fees. Indeed, Holtzman argues that because this is a diversity action, and could have been brought in either New York or New Jersey, the Erie doctrine requires application of state law. However, as explained in this Court's prior opinion, this Court's subject matter jurisdiction is based on the federal interpleader statute, 28 U.S.C. § 1335, not diversity of citizenship. Thus, state law does not apply.

WL5149707, at *7. Thus, the only issue the Court needs to address is the amount of fees to which Plaintiff is entitled.

Neither the Third Circuit nor the district courts have expressly stated a standard to determine the reasonableness of fees and costs in the context of interpleader. The lack of such may be attributed to the fact that the awarding of attorneys' fees is equitable relief subject to the discretion of the court. See Metro. Life Ins. Co., 83 Fed. Appx. at 431 ("Because we find no merit in Brennan's argument that the injunction was an abuse of discretion, Metlife is entitled to its costs and attorneys fees for this appeal"); Banner Life Ins. Co, 2014 WL 4724902, at *4 ("Exercising its discretion, the Court finds that Banner is entitled to $16,616.48 in attorneys' fees and costs"). However, courts have emphasized that the amount awarded for attorneys' fees should not "seriously deplete the fund" or be "excessive, unnecessary or redundant," because the work necessary to bring an interpleader action is minimal. Id. at *3-4 (citing Frontier Ins. Co., 1992 WL 209299, at *2).

Here, the Court finds that Plaintiff's requested amount of $19,057.68 in fees and costs would significantly deplete the $109,420.76 fund. Indeed, Plaintiff's requested fees comprise approximately 17% of the fund, "significantly diminish[ing] Defendan[t's] . . . interest in the . . . assets." United Refining Co. Incentive Sav. Plan for Hourly Employees v. Morrison, No. 12-238, 2014 WL 126004, at *3 (W.D. Pa. Jan. 10, 2014). While Plaintiff relies on Banner for the proposition that, generally, its fee amount is comparable to other fees awarded in interpleader actions, Plaintiff fails to take into account that the fund in Banner was in excess of $8.5 million, and the attorney's fees comprised less than one percent of the fund. See Banner, 2014 WL 4724902 at *1. Thus, it is necessary for the Court to assess Plaintiff's requested fees and determine whether they are "excessive, unnecessary or redundant." Id. at *3-4.

Typically, fee awards for disinterested stakeholders in interpleader actions should only be sufficient to reimburse "the minimal work necessary to institute a suit in interpleader." John Hancock Mut. Ins. Co. v. Doran, 138 F. Supp. 47, 50 n.2 (S.D.N.Y. 1956); see also In re OEM Indus., 135 B.R. 247, 250 (Bankr. E.D. Pa. 1991). In that connection, courts have found that the award should only reflect fees that directly relate to the filing of the interpleader action and certain motion practices. Cf. Protective Life Ins. v. Conway, No. 97-3246, 1998 WL 83024, at *1 (E.D. Pa. Feb. 19, 1998) ("The amount awarded to the Plaintiff should be minimal because 'all that is required of the stakeholder is the preparation of the petition, the deposit of the funds into court, service on claimants and the preparation of an order discharging the stakeholder form liability.'"). Having reviewed counsel's billable hours, the Court finds not compensable the time spent, *inter alia*, conferring with its client and conferencing with other attorneys regarding strategy. For example, Wilson Elser billed 5.1 hours for corresponding with U.S. Life (its client), which totaled $1,213.50. Also excludable are 12.8 hours spent strategizing over the filing of the Complaint, which totaled $3,072.5.[4] These hours spent on correspondents and preparation are not compensable because they were not necessary to the filing of the interpleader action and would only contribute to the depletion of the funds.

In addition to the non-compensable hours discussed above, there were additional hours billed for services that are not necessary. Banner Life Ins., 2014 WL 4724902, at *3-4. For example, Wilson Elser spent 1.2 hours conferring with the Attorney General of New Jersey's office regarding service of the Complaint and the State's answer to the Complaint, totaling $214.50.

---

[4] This amount includes time spent on reviewing the file and developing a plan for interpleader, correspondence and conferences between attorneys at Wilson Elser, and analysis of documents related to the interpleader claim; I find that they all relate to strategizing, rather than necessary services to maintain the interpleader funds.

<2.
<3.

More importantly, hours spent drafting supplemental briefing requested by this Court are also not compensable, because they were incurred as a result of counsel's oversight. I do not find that these hours are necessary.

Thus, when exercising its discretion, the Court finds that an attorneys' fee award of $9,696.00 is appropriate in this matter.[5] This fee calculation includes time spent for services specifically related to the filing of the interpleader action, and hours spent addressing the motion to dismiss filed by Defendant. This amount, unlike Plaintiff's original request of $18,221.00, is reasonable in light of the work required to maintain the funds. Moreover, the reduced amount will not significantly deplete the funds, as it constitutes approximately ten percent of the funds. Compare Fantaye, 2009 WL 482699, at *1-3 (awarding attorneys' fees in an interpleader action that amounted to approximately nine percent of the interpleader fund). I further find that the requested costs of $836.38 are compensable.

## CONCLUSION

Accordingly, Plaintiff is awarded attorneys' fees in the amount of $9,696.00, and costs in the amount of $836.38, for a total of $10,532.38. This award is payable from the interpleader funds deposited by Plaintiff in the Court's registry.

DATE: November 24, 2015                                   /s/      Freda L. Wolfson
                                                          Freda L. Wolfson
                                                          United State District Judge

---

[5] For the sake of judicial economy, the Court will not list each service billed and explain how it relates to the interpleader action. Suffice it to say, I find that all the services included in the $9,696.00 amount were directly related to the preparation and maintenance of the interpleader funds. See Conway, 1998 WL 83024, at *1.